STATE OF NEW YORK
SUPREME COURT    COUNTY OF NIAGARA

---

NIAGARA UNIVERSITY and NIAGARA
UNIVERSITY ICE COMPLEX INC.,

                              Plaintiffs,

   -against-

HARTFORD FIRE INSURANCE COMPANY,

                              Defendant.

---

**VERIFIED COMPLAINT**

Index No.    E185893/2025

Plaintiffs, Niagara University and Niagara University Ice Complex Inc. (collectively, "Niagara" or "Plaintiffs"), by and through their attorneys, the Lynn Law Firm, LLP, complaining of the Defendant, Hartford Fire Insurance Company ("Hartford" or "Defendant"), allege and respectfully show to the Court as follows:

## PARTIES

1. Plaintiff Niagara University is a university organized and registered in New York State with a principal place of business located within the jurisdiction of New York State Supreme Court, Niagara County.

2. Plaintiff Niagara University Ice Complex Inc. is a New York Corporation with a principal place of business located within the jurisdiction of New York State Supreme Court, Niagara County.

3. At all relevant times herein, Hartford Fire Insurance Company was and is a Connecticut Corporation, is authorized to issue insurance policies for property and casualty in New York State and has a principal place of business in Hartford, Connecticut.

## INTRODUCTION

4. This is an insurance coverage action relating to a loss sustained by Plaintiff to the property located at or about Niagara University, Dwyer Ice Arena, 5795 Lewiston Road, Niagara University, New York ("Insured Premises").

5. At all relevant times herein, Plaintiffs owned the Insured Premises and certain real and business personal property located there.

6. At all relevant times herein, Defendant regularly conducted and transacted business in the State of New York, and/or regularly contracted to supply their insurance products within the State of New York.

7. At all relevant times herein, Defendant was and is duly authorized to conduct insurance business in the State of New York.

## THE LOSS

8. On or about February 6, 2023, a sudden and unexpected loss occurred at the subject Insured Premises (the "Loss").

9. The Loss caused significant damages to the Insured Premises and Plaintiffs.

10. Plaintiffs promptly notified Defendant of the Loss and the claim.

## INSURANCE

11. Defendant issued Plaintiffs a policy of insurance, Policy Number 01 UUN FH0560 ("the Policy").

12. The Policy was in full force and effect on February 6, 2023, and at all relevant dates thereafter.

13. At the time of the Loss, Plaintiffs had paid all premiums due and owing to Defendant, and there was full compliance on the part of the Plaintiffs with all terms and conditions of coverage.

## CONTROVERSY

14. Defendant has failed and refused to make payments under the Policy breaching its contractual obligations.

15. By reason of the foregoing, an actual and justifiable controversy exists between Plaintiffs and Defendant regarding payment of Plaintiffs' Loss because Defendant has refused to recognize applicable contract terms and perform as obligated under the Policy.

## JURISDICTION AND VENUE

16. The amount in controversy in this action exceeds the threshold of all lower courts and a substantial part of the events or omissions giving rise to the claim occurred within Niagara County.

## HARTFORD FIRE INSURANCE COMPANY DISCLAIMER

17. By letter dated December 28, 2023, Hartford notified Plaintiffs that it had completed its investigation, and made a decision to deny all coverage for this Loss.

## AS AND FOR A CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST HARTFORD FIRE INSURANCE COMPANY

18. Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "17" above as though fully restated here.

19. Plaintiffs have fully complied with all terms, conditions, duties and obligations under the Policy.

20. The Loss of February 6, 2023 was a covered loss.

21. Hartford's disclaimer was wrongful.

22. Hartford breached its obligations to provide insurance coverage under the Policy, and has unilaterally breached its covenant of good-faith and fair dealing implied in its Policy by deliberately,

3

negligently, unlawfully and wrongfully mishandling Plaintiffs' claim and deliberately, negligently and wrongfully delaying payment of Plaintiffs' claim for coverage for damage at the Insured Premises.

23. Hartford's failure and refusal to provide plaintiffs with coverage and full payment for any and all damages (less any applicable deductible), was and is in breach of its contractual obligations under the Policy.

24. As a result of Hartford's breach of its obligations under the Policy, Plaintiffs have suffered direct damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment be entered against the Defendant for the following relief:

a. Compensatory damages arising out of the Loss in an amount to be proven at trial;

b. Applicable interest from the date of loss, date of disclaimer or such other date as the Court deems just and proper; and

d. For such other and further relief as this Court deems just and proper.

Dated:   January 7, 2025
         Syracuse, New York

Kelsey W. Shannon, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiffs
333 West Washington Street, Suite 100
Syracuse, NY 13202
Telephone: (315) 474-1267
Email: kshannon@lynnlaw.com